**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZHARIA CHARLES, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>COLOR FACTORY, LLC,<br><br>        Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff Zharia Charles brings this action on behalf of herself, and all others similarly situated against Color Factory, LLC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

  1. For over a year, Defendant has been nickel and diming visitors of its Color Factory NYC museum on its website in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a consumer selects an admission ticket on the website https://www.colorfactory.co/, she is quoted a fee-less price, only to be ambushed by a non-delineated "fee" – masked under the ambiguous category "taxes & fees" – at checkout after clicking through the various screens required to make a purchase. To make matters worse, an 8-minute clock for the consumer to complete the transaction begins ticking down on the final checkout page. Because New York is a busy place, and because these "taxes & fees" are only flashed *after* a museum-goer selects her ticket, Defendant can plausibly put its consumers on a shot clock and tell them they need to act quick, because Defendant cannot hold their admission

time slot open forever.  This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2.     To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase."  *Id.* (emphasis added).  And "[t]he price of the ticket shall not increase during the purchase process."  *Id.*  This latest version of the law went into effect August 29, 2022.  *See* Exhibit A.

3.     Moreover, Arts and Cultural Affairs Law § 25.07(4) provides that "every operator … of a place of entertainment … shall disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser."  *Id.*

4.     For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendant's place of entertainment, Color Factory NYC, for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.  Defendant sold tickets on at least

100,000 transactions to its place of entertainment through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each transaction.

6.      This Court has personal jurisdiction over Defendant because Defendant operates a place of entertainment, Color Factory NYC, in the state of New York and sells tickets to visit Color Factory NYC through its website.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's Color Factory NYC is located in this District.

## PARTIES

8.      Plaintiff Zharia Charles is an individual consumer who, at all times material hereto, was a citizen and resident of Brooklyn, New York.  Plaintiff purchased two admission tickets to Color Factory NYC on October 29, 2023 through Defendant's website, https://www.colorfactory.co/.  The transaction flow process she viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 6 in this complaint.

9.      Defendant Color Factory LLC is a California limited liability company with its principal place of business in Fremont, California.  Defendant owns and operates Color Factory NYC.

## RELEVANT FACTUAL ALLEGATIONS

10.     When a person visits Defendant's website, https://www.colorfactory.co/, on the main page, she can click the multi-colored "BUY TICKETS" button to select admission tickets to visit Defendant's Color Factory NYC on various dates.   *See* Figure 1, next page.



**Figure 1**

11.     After a consumer selects the "BUY TICKETS" button, she is taken to a screen which provides a list of various museum admission dates, times, and prices.  *See* Figure 2, next page.  The "total cost" of any ticket, inclusive of fees, is not shown on this screen, in violation of New York Arts & Cultural Affairs Law § 25.07(4).  *Id.*  A ticket for admission at 11:45 a.m. on January 11, 2024 was quoted at "$41.00."  *Id.*



**Figure 2**

12.     After a consumer clicks on the date and time of the ticket she wishes to purchase, a banner displays on the bottom of the page re-displaying the same "$41.00" price, again failing to disclose ancillary fees, with a blue "Book Now" button.  *See* Figure 3, next page.



**Figure 3**

13.　　After a consumer clicks the "Book Now" button, she is taken to a screen re-displaying the same "$41.00" price, again excluding ancillary fees, and requiring that the consumer input her name, phone number, and email address to continue the purchase process. *See* Figure 4, next page.



**Figure 4**

14.     Once a consumer inputs her name, phone number, and email address, another banner appears requiring the customer to answer two questions before clicking a yellow "Continue" button.  *See* Figure 5, next page.  Again, the same "$41.00" price is displayed, excluding ancillary fees.  *Id.*



**Figure 5**

15.    After the consumer clicks on the yellow "Continue" button, a final checkout

screen emerges, which requires the user to input her payment information, all while an 8-minute

clock is ticking down.  *See* Figure 6, next page.  On the right-side of the same screen, the

"TOTAL" ticket price is displayed, which, for admission at 11:45 a.m. on January 11, 2024,

included an additional $8.99 of "Taxes & Fees."  *Id.*  This is the first time Defendant makes

mention of additional "fees."



**Figure 6**

16.     As displayed in Figure 6, Defendant does not delineate how much of the additional $8.99 is allocated to taxes versus fees. *Id.* That information is never made available to the consumer, even after she completes the checkout process and purchases a ticket.

17.     Assuming Defendant levies the correct 8.875% New York City sales and use tax[1], the price in Figure 6 represents approximately $5.36 in ancillary fees.

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

18.     Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "[e]very operator or operator's agent of a place of entertainment…

---

[1] https://www.nyc.gov/site/finance/business/business-nys-sales-tax.page (last visited Jan. 12, 2024).

shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order

to purchase the ticket, and disclose in a clear and conspicuous manner <u>the portion of the ticket</u>

<u>price stated in dollars that represents a service charge</u>, or <u>any other fee</u> or surcharge to the

purchaser.  Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior</u>

<u>to</u> the ticket being <u>selected for purchase</u>." *Id*. (emphasis added).  And "[t]he price of the ticket

shall not increase during the purchase process." *Id*.; *Compare with* Figures 2 through 6.

19.      Shortly after the law was enacted, ticketing websites peppered the State of New

York's Division of Licensing Services with questions about the scope of the law.  As explained

by the Division of Licensing Services, "the ticket purchasing process begins once a consumer

visits a ticket marketplace and first sees a list of seat prices."  *See* N.Y. Dep't of State, Div.

Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached

hereto as **Exhibit A**, at 1.  "From the moment the prospective purchaser assesses the [] ticket

lists through the final payment … there should be no price increases to the purchaser for the

ticket itself."  *Id.*  "When a prospective purchaser selects a ticket with full disclosure of the ticket

price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the</u>

<u>purchaser proceeds through the purchasing process</u>, it should continue to be readily available to

the purchaser."  *Id*. at 2 (emphasis added).  "In short, the ticket listing must include the total cost

of the ticket, <u>with a breakdown of all service charges, fees and surcharges</u>, that the purchaser

must pay just to purchase the ticket." *Id.* (emphasis added).

## CLASS ACTION ALLEGATIONS

20.      **Nationwide Class:**  Plaintiff seeks to represent a class defined as all individuals

in the United States who purchased tickets to Color Factory NYC from Defendant's website on

or after August 29, 2022.  Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

21.     **New York Subclass:**  Plaintiff seeks to represent a class defined as all individuals in New York who purchased tickets to Color Factory NYC from Defendant's website on or after August 29, 2022.  Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

22.     Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Nationwide Class and New York Subclass are at least in the hundreds of thousands.  The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

23.     Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (c) whether Defendant failed to disclose its ancillary fees in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

24.     The claims of the named Plaintiff are typical of the claims of the Nationwide
Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New
York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based
upon Defendant's failure to disclose the total cost of its tickets, including Defendant's ancillary
fees, throughout the online ticket purchase process.

25.     Plaintiff is an adequate representative of the Nationwide Class and New York
Subclass because her interests do not conflict with the interests of the Nationwide Class and New
York Subclass members she seeks to represent, she has retained competent counsel experienced
in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of
Nationwide Class and New York Subclass members will be fairly and adequately protected by
Plaintiff and her counsel.

26.     The class mechanism is superior to other available means for the fair and efficient
adjudication of the claims of Nationwide Class and New York Subclass members.  Each
individual Nationwide Class and New York Subclass member may lack the resources to undergo
the burden and expense of individual prosecution of the complex and extensive litigation
necessary to establish Defendant's liability.  Individualized litigation increases the delay and
expense to all parties and multiplies the burden on the judicial system presented by the complex
legal and factual issues of this case.  Individualized litigation also presents a potential for
inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer
management difficulties and provides the benefits of single adjudication, economy of scale, and
comprehensive supervision by a single court on the issue of Defendant's liability.  Class
treatment of the liability issues will ensure that all claims and claimants are before this Court for
consistent adjudication of the liability issues.

<u>**COUNT I**</u>
**New York Arts & Cultural Affairs Law § 25.07**
**(On Behalf Of The Nationwide Class and New York Subclass)**

27.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

28.     Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

29.     Defendant is an "operator… of a place of entertainment" because Defendant operates Color Factory NYC, which is a "place of entertainment."  "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, <u>museum</u>, amusement park, or other place where performances, concerts, <u>exhibits</u>, athletic games or contests are held for which an entry fee is charged."  N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

30.     Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 2 through 6 of this Complaint.

31.     Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in Figures 2 through 6 of this Complaint.

32.     Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in Figure 6 of this Complaint.

13

33.     Everything above 8.875% of the ticket price of Defendant's "Taxes & Fees" is an "ancillary fee[] that must be paid in order to purchase the ticket."  N.Y. Arts & Cult. Aff. Law § 25.07(4).

34.     On or about October 29, 2023, Plaintiff purchased two admission tickets on Defendant's website and was forced to pay Defendant's ancillary fees.  The fees were displayed as "Taxes and Fees."  Assuming Defendant levied an 8.875% sales and use tax, Plaintiff paid fees of approximately $11.38.  However, Plaintiff has no way of knowing because Defendant never gave her a breakdown of how much "Taxes & Fees" were taxes and how much were fees.

35.     Plaintiff was harmed by paying this amorphous ancillary fee or fees, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

36.     Plaintiff was also harmed by paying this ancillary fee, even though it was not clearly and conspicuously disclosed on the final checkout page, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

37.     On behalf of herself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees.  *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass prays for judgment as follows:

(a)     For an order certifying the Classes under Rule 23 of the Federal Rules of Civil

        Procedure and naming Plaintiff as representative of the Classes and Plaintiff's

        attorneys as Class Counsel to represent the Classes;

(b)     For an order declaring that Defendant's conduct violates the statutes referenced

        herein;

(c)     For an order finding in favor of Plaintiff and the Classes on all counts asserted

        herein;

(d)     For compensatory and statutory damages in amounts to be determined by the

        Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiff and the Classes their reasonable attorneys' fees

        and expenses and costs of suit.

Dated: January 16, 2024                         **BURSOR & FISHER, P.A**.

                                                By: ___/s/ *Philip L. Fraietta*___
                                                        Philip L. Fraietta

                                                Philip L. Fraietta
                                                1330 Avenue of the Americas, 32nd Floor
                                                New York, NY 10019
                                                Telephone: (646) 837-7150
                                                Facsimile: (212) 989-9163
                                                Email: pfraietta@bursor.com

                                                Stefan Bogdanovich (*pro hac vice app.
                                                forthcoming*)
                                                1990 North California Blvd., Suite 940
                                                Walnut Creek, CA 94596
                                                Telephone: (925) 300-4455
                                                Facsimile:  (925) 407-2700
                                                E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*