UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHARIA CHARLES,

        Plaintiff,

   -v-

COLOR FACTORY, LLC,

        Defendant.

24-cv-322 (JSR)

OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.:

On March 12, 2024, defendant, Color Factory, LLC, moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of standing, and under Federal Rule of Civil Procedure 12(b)(6), under the voluntary payment doctrine. See Mot. to Dismiss, ECF No. 16; Def. Mem. of Law in Supp. of Mot. to Dismiss ("Def. Opening Br."), ECF No. 17. Upon due consideration of the parties' written submissions and oral argument, the Court hereby grants in part and denies in part the motion to dismiss. Specifically, the Court strikes the request for injunctive relief from the complaint but in all other respects denies the motion to dismiss.

## I.   Plaintiff's Allegations

Defendant, Color Factory, LLC, operates Color Factory NYC. Compl., ¶ 9, ECF No. 1. On October 29, 2023, "[p]laintiff [Zharia Charles] purchased two admission tickets to Color Factory NYC . . . through [d]efendant's website." Id. ¶ 8. To do so, plaintiff went

through the following process. Id.[1] She first selected "BUY TICKETS."
See id. ¶¶ 10-11. Plaintiff was then shown the cost of an admission
ticket for various times and dates; however, the displayed costs did
not disclose "[t]he 'total cost' of [the] ticket[s], inclusive of
fees." Id. ¶ 11. Plaintiff next selected a date and time for her
ticket. Id. ¶ 12. A "Book Now" button subsequently appeared, and the
ticket price was redisplayed, yet again without disclosing any
ancillary fees. Id. Once plaintiff clicked "Book Now," a request for
plaintiff to "input her name, phone number, and email address to
continue the purchase process" appeared. Id. ¶ 13. Again, the price
of the ticket on this screen did not include any ancillary fees. Id.
Upon inputting the requested information, two questions popped up on
the screen, which plaintiff had to answer. Id. ¶ 14. The ticket price
displayed on this screen again did not disclose or include any
ancillary fees. Id. Finally, once plaintiff clicked "Continue," she
was brought to "a final checkout screen," where she needed "to input
her payment information" within eight minutes to reserve the ticket.
Id. ¶ 15. It is on this final checkout screen that defendant finally
disclosed that plaintiff was required to pay an additional $8.99 in
"Taxes & Fees" on top of the ticket price that had been displayed on

---

[1] The complaint alleges that "[t]he transaction flow process
[plaintiff] viewed on [d]efendant's website was substantially similar
as that depicted in Figures 1 through 6 in this complaint." Compl.,
¶ 8. Drawing all inferences in favor of plaintiff, the Court interprets
the complaint as alleging that plaintiff went through the purchasing
process laid out in the subsequent paragraphs of the complaint.

all the prior screens. Id. However, defendant's website never discloses the composition of the $8.99 of "Taxes & Fees." Id. ¶ 16.

Plaintiff, on behalf of a putative nationwide class, alleges that the above conduct violates New York Arts and Cultural Affairs Law § 25.07(4) because (1) defendant "fail[ed] to disclose the total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket after a ticket is selected"; (2) defendant "increas[ed] the total cost of its tickets during the purchase process"; and (3) defendant "fail[ed] to disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." Id. ¶¶ 20-21, 30-32. Plaintiff is thus seeking on behalf of herself and the putative class "actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33." Id. ¶ 4.

## II.  Legal Standard

To survive a motion to dismiss for lack of standing, a "plaintiff must clearly . . . allege facts demonstrating [that] each element" of Article III standing is satisfied. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).[2] See also Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) ("[T]o survive . . . defendant's Rule 12(b)(1) motion to dismiss, [plaintiff] must allege facts that

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

affirmatively and plausibly suggest that [she] has standing to sue.”). Thus, to adequately allege standing to sue, a plaintiff must allege she “(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.” <u>Spokeo</u>, 578 U.S. at 338. Here, defendant brings a facial attack on plaintiff's standing. Accordingly, in making its determination, the Court will “draw all facts--which [the Court] assume[s] to be true unless contradicted by more specific allegations or documentary evidence--from the complaint and from the exhibits attached thereto,” and will “construe all reasonable inferences to be drawn from those factual allegations in [plaintiff's] favor.” <u>Amidax Trading</u>, 671 F.3d at 145.

To survive a motion to dismiss for failure to state a claim, a complaint must include “sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.” <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A complaint must offer more than “a formulaic recitation of the elements of a cause of action,” or “naked assertion[s]” devoid of “further factual enhancement.” <u>See Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 557 (2007). If a plaintiff has “not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed.” <u>Id.</u> at 570. However, the Court must “constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.” <u>Goldstein v. Pataki</u>, 516 F.3d 50, 56 (2d Cir. 2008).

4

**III. Discussion**

New York Arts and Cultural Affairs Law § 25.07(4) provides that "[e]very operator or operator's agent of a place of entertainment . . . shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." N.Y. Arts & Cult. Aff. Law § 25.07(4). As further relevant here, that provision also provides that the "disclosure of the total cost and fees shall be displayed in the ticket listing *prior* to the ticket being selected for purchase[,]" and that "[t]he price of the ticket shall *not increase during the purchase process*." Id. (emphasis added).

Defendant argues that the complaint must be dismissed for two reasons. First, defendant argues that plaintiff lacks standing because the complaint only alleges a bare procedural injury and thus fails to allege that plaintiff suffered an injury in fact.[3] Second, defendant argues that the "voluntary payment doctrine" bars plaintiff's claim. For the reasons discussed below, the Court rejects both of defendant's arguments.

---

[3] In its opening brief, defendant argued that plaintiff lacks standing to pursue injunctive relief on behalf of the putative class because the complaint fails to allege that plaintiff is likely to be harmed in the same manner in the future. See Def. Opening Br., at 3, 9-10. In her opposition brief, plaintiff concedes that she "does not oppose [d]efendant's motion to dismiss her claim for injunctive relief." See Pl. Opp'n to Mot. to Dismiss, at 3 n.1, ECF No. 18. Accordingly, the request for injunctive relief will be dismissed on plaintiff's consent.

a. **Standing**

Here, defendant challenges the first element of standing: injury in fact. To satisfy the injury-in-fact requirement, a plaintiff must suffer a harm that "is . . . concrete and particularized and . . . actual or imminent, not conjectural or hypothetical." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). Specifically at issue here is whether plaintiff has adequately alleged an injury in fact that is concrete. An injury is concrete if it is "real, and not abstract" and if it "has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." TransUnion LLC v. Ramirez, 594 U.S. 413, 424 (2021). Thus, "concrete injuries are physical, monetary, or cognizable intangible harms traditionally recognized as providing a basis for a lawsuit in American courts." Harty v. West Point Realty, Inc., 28 F.4th 435, 442-43 (2d Cir. 2022).

Defendant argues that the only harm alleged in the complaint is that the total ticket cost (inclusive of taxes and fees) was not disclosed early enough in the transaction, as the taxes and fees were eventually disclosed to plaintiff before she purchased the ticket. See Compl., ¶¶ 8, 15-16. Defendant argues that this is a bare procedural injury that is insufficient to confer standing. Spokeo, 578 U.S. at 341 (A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."); TransUnion LLC, 594 U.S. at 427 ("[U]nder Article III, an injury in law is not an injury in fact. Only those plaintiffs who

have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.").

Defendant, however, entirely overlooks that the complaint alleges that plaintiff suffered an economic injury that flowed from defendant's purported violation of the statute. Specifically, the complaint alleges that plaintiff was injured when she was charged and paid a fee that was rendered unlawful by defendant's failure to disclose the "total cost . . . to [p]laintiff at the beginning of the purchase process" and failure to "clearly and conspicuously disclose[] [the fee] on the final checkout page" in violation of New York Arts & Cultural Affairs Law § 25.07(4). Compl., ¶¶ 35-36. The allegation that plaintiff paid an unlawful fee is a sufficiently concrete economic injury to confer standing. See, e.g., <u>Tyler v. Hennepin Cnty., Minnesota</u>, 598 U.S. 631, 636 (2023) (explaining that an allegation that defendant "illegally appropriated" a "surplus beyond . . . [a] tax debt . . . is a classic pocketbook injury sufficient to give [plaintiff] standing"); <u>Allco Fin. Ltd. v. Klee</u>, 861 F.3d 82, 95-96 & n.11 (2d Cir. 2017) (finding the allegation an "unlawful fee[]" was "imposed" is "sufficiently concrete and particularized to qualify as [an] injur[y]-in-fact"); <u>Carter v. HealthPort Techs., LLC</u>, 822 F.3d 47, 57-59 (2d Cir. 2016) (finding that an allegation that an "unlawfully inflated" fee was incurred by plaintiffs was sufficient to show an injury in fact).

In response, defendant challenges the merits undergirding plaintiff's theory that the fees were unlawful. That, however, is not

a proper inquiry for the Court to undertake at this stage of the proceedings. See Warth v. Seldin, 422 U.S. 490, 500 (1975) ("[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal."); Dubuisson v. Stonebridge Life Ins. Co., 887 F.3d 567, 574 (2d Cir. 2018) ("Where a plaintiff alleges a concrete, economic injury resulting from a defendant's violation of a statutory provision, the plaintiff has alleged a sufficient injury to establish Article III standing, regardless of the merits of the plaintiff's statutory interpretation."). The Court thus concludes that the complaint adequately alleges that plaintiff suffered a concrete monetary injury that is sufficient to confer standing.[4]

### b. **Voluntary Payment Doctrine**

Defendant also argues that plaintiff's claim should be dismissed because of the voluntary payment doctrine. That "doctrine bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law." Spiro v. Healthport Techs., LLC, 73 F. Supp. 3d 259, 276 (S.D.N.Y. 2014) (quoting Dillon v. U-A Columbia Cablevision of Westchester, Inc., 100 N.Y.2d 525, 526 (2003)). Here, defendant posits that this doctrine is applicable because the complaint alleges that plaintiff paid for the

---

[4] The Court also notes that a theory of economic harm that could also be sufficient to confer standing was alluded to at oral argument, although admittedly not included in the complaint. That theory of harm is that plaintiff bought a ticket she would not have otherwise bought if the fees had been disclosed upfront as required by the statute. Leave to amend would be freely granted, should plaintiff seek to add this theory of harm to the complaint.

tickets only after the total cost of the tickets (inclusive of fees) was disclosed. See Compl., ¶¶ 8, 10-17.

However, "the voluntary payment doctrine does not apply when a plaintiff's claim is predicated on a lack of full disclosure by defendant." Fink v. Time Warner Cable, 810 F. Supp. 2d 633, 649 (S.D.N.Y. 2011). And that is exactly what plaintiff alleges occurred here. The complaint avers that defendant failed to disclose "how much of the . . . $8.99 is allocated to taxes versus fees," which may violate the statutory requirement that defendant "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." Compl., ¶¶ 16-17, 34, 36; N.Y. Arts & Cult. Aff. Law § 25.07(4). See also Spiro, 73 F. Supp. 3d at 276. Defendant's arguments to the contrary -- that they complied with the statutory directive -- would require the Court to make factual determinations about the nature of the taxes and fees that defendant charged and disclosed, which would not be appropriate on a motion to dismiss. See Def. Reply in Further Supp. of Mot. to Dismiss, at 4, 7, ECF No. 20. Thus, even assuming arguendo that the voluntary payment doctrine applies to plaintiff's claims (an issue the Court need not decide now), the complaint adequately alleges a lack of full disclosure, which would render the voluntary payment doctrine inapplicable. The Court accordingly concludes it would be premature to determine whether the voluntary payment doctrine defeats plaintiff's claim, as further

factual development is necessary to adjudicate that issue. See Spagnola v. Chubb Corp., 574 F.3d 64, 73 (2d Cir. 2009).

IV.  **Conclusion**

For the reasons explained above, the Court hereby denies the motion to dismiss except that the Court dismisses the request for injunctive relief. The stay on discovery is hereby lifted. The Clerk of Court is respectfully directed to close docket entry number 16.

New York, NY
April 19, 2024

JED S. RAKOFF, U.S.D.J.