UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZHARIA CHARLES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLOR FACTORY, LLC,<br><br>Defendant. | Civil Action No.: 1:24-cv-00322-JSR<br><br>Hon. Jed S. Rakoff |

**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Bursor & Fisher, P.A., Class Counsel in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I make this Declaration in support of Plaintiff's Motion for Final Approval of Settlement and am fully competent to do so. I have personal knowledge of all matters set forth herein unless otherwise indicated, and, if called upon to testify, I could and would competently do so.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Class Action Settlement Agreement, and the exhibits attached thereto.

3. Beginning in November 2023, my firm commenced a pre-suit investigation of companies' violations of the newly-enacted New York Arts and Cultural Affairs Law ("ACAL") § 25.07(4), including Defendant Color Factory, LLC ("Defendant"). The theory of liability was novel. No case had ever been brought under ACAL § 25.07(4), nor had any court issued an opinion interpreting the statute. Thus, our investigation was extensive and involved in-depth

research into the legislative history of ACAL § 25.07(4), issues pertaining to statutory interpretation under New York law, as well as factual research regarding Defendant's website and implementation of processing fees.

4. On January 16, 2024, Plaintiff and Class Counsel filed the Class Action Complaint in this matter. ECF No. 1. The material allegations of the Complaint center on Defendant's alleged failure to disclose a non-delineated fee for tickets to their Color Factory NYC prior to those tickets being selected for purchase, in alleged violation of ACAL § 25.07(4). *See generally id.*

5. On March 8, 2024, Defendant responded to the Complaint by filing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 15). On March 22, 2024, Plaintiff opposed Defendant's motion to dismiss (ECF No. 18), and on March 29, 2024, Defendant filed a reply in further support of the motion to dismiss. (ECF No. 20). The Court heard oral argument on the motion to dismiss on April 16, 2024.

6. On April 19, 2024, the Court issued an Opinion and Order granting in part and denying in part Defendant's motion to dismiss. (ECF No. 23).

7. On May 3, 2024, Defendant filed an Answer to the Complaint denying the allegations generally and asserting 17 affirmative defenses. (ECF No. 26).

8. During and after the pleadings, the Parties engaged in formal discovery, which included the exchange of written discovery, document productions, and a Rule 30(b)(6) deposition of Defendant.

9. The Parties also engaged in informal discovery as part of their settlement negotiations, which included the production of certain financial information by Defendant. This documentation showed that Defendant would be unable to withstand a judgment in this case, and

indeed, would not be in a position to fund this Settlement without a payment plan.

10. On June 3, 2024, Plaintiff filed a motion for class certification. (ECF No. 27).

11. Before and after Plaintiff filed her motion for class certification, counsel for the Parties engaged in numerous telephone calls to discuss settlement, and on June 8, 2024, the Parties reached agreement on all material terms of a class action settlement and executed a term sheet.

12. The next business day, the Parties informed the Court of their settlement by phone, and the Court stayed all case deadlines and directed Plaintiff to file a motion for preliminary approval on or before July 1, 2024. (ECF No. 33).

13. In the weeks following, the Parties engaged a Settlement Administrator and, in consultation with the Settlement Administrator on matters of notice and claims administration, negotiated the full-form Settlement Agreement.

14. Discovery showed that Defendant collected and retained $714,705.68 in allegedly unlawful fees from August 29, 2022 through and including January 23, 2024. Discovery also showed that Defendant changed the purchase flow for tickets on its website to display the "Taxes & Fees" that was the subject of this litigation when the ticket is first selected for purchase, effective January 24, 2024

15. The resulting $714,705.68 Proposed Settlement secures extraordinary relief for the class. Based on Defendant's records the proposed Settlement Class includes approximately 99,720 persons who purchased electronic tickets and paid a fee to gain entry to Defendant's Place of Entertainment from Defendant's website from August 29, 2022 through and including January 23, 2024.

16. Pursuant to the terms of the proposed Settlement, every member of the Settlement

Class who submits a timely and valid Claim Form will receive a pro rata cash payment from the Settlement Fund as a percentage of the total amount of fees paid to and received by Defendant during the class period, following the deduction of notice and claims administration costs, attorneys' fees and expenses, and the class representative service award, all of which will be paid from the Settlement Fund.  Settlement ¶ 1.41; 2.1(b).

17. In addition, Defendant acknowledges that they changed their purchase flow process for tickets on its website to display "Taxes and Fees" that was the subject of this litigation when the ticket is first selected for purchase and agrees to comply with New York Arts & Cultural Affairs Law § 25.07(4), unless or until it is amended, repealed, or otherwise invalidated.  *Id.* ¶ 2.2.

18. The Court preliminarily approved the Settlement on July 10, 2024.  ECF No. 38.

19. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determined all the contours of the proposed class, and reached a fair and reasonable compromise after negotiating the terms of the Settlement at arms' length.

20. Plaintiff and Class Counsel recognize that despite our belief in the strength of Plaintiff's claims, and Plaintiff's and the Class's ability to secure an award of damages under ACAL §§ 25.07(4) and 25.33, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.  Thus, the Settlement secures a more proximate and more certain monetary benefit to the Class than continued litigation.

21. Plaintiff and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiff and the Settlement Class Members of any potential relief whatsoever.  Still today, there is no binding authority on the

statute and no case under the statute has progressed to contested class certification, summary judgment, or trial.

22. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared to continue their vigorous defense of this case, including by moving for summary judgment. More specifically, Plaintiff and Class Counsel are aware that Defendants would continue to assert a number of defenses on the merits, including (i) Plaintiff's lack of standing; (ii) Plaintiff's claims are barred by the voluntary payment doctrine; and (iii) Defendant's fees are permitted under ACAL § 25.29, and therefore are not unlawful as Plaintiff alleged. Critically, ACAL § 25.07(4) has hardly been litigated, and thus, the scope of the statute is in dispute as there is no binding authority interpreting the statute. Defendant would also oppose class certification vigorously, and Defendant would take the position that Plaintiff is not entitled to bring her claims on a class wide basis. Defendant would also prepare a competent defense at trial. And looking beyond trial, Plaintiff is also keenly aware that Defendant could appeal the merits of any adverse decision.

23. Plaintiff and Class Counsel believe that the monetary relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

24. Attached hereto as **Exhibit 2** is a current firm resume for Bursor & Fisher, P.A.

25. As aforementioned, my firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (*See* Ex. 2; Firm Resume of Bursor & Fisher, P.A.). Indeed, my firm has brought several other cases on behalf of putative class members for violations of ACAL § 25.07(4). *See, e.g.*, cases cited at Paragraph 17, *supra*.

26. In addition, my firm has also been recognized by courts across the country for its expertise. (*See* Ex. 2); *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) (Rakoff, J.) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008.") [1]; *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y. Jan. 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products).

27. Moreover, my firm has served as trial counsel for class action Plaintiffs in six jury trials and has won all six, with recoveries ranging from $21 million to $299 million.

28. Plaintiff and proposed Class Counsel believe that the relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

29. The Settlement Agreement attached hereto as Exhibit 1 is the only agreement in connection with the proposed settlement.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed this 23 day of October, 2024 at New York, New York.

                                                */s Philip L. Fraietta*
                                                Philip L. Fraietta

---

[1] Bursor & Fisher has since won a sixth jury verdict in *Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.), for $267 million.